**EX PARTE Richard Allen MASTERSON, Applicant**

**NO. WR–59,481–06**

Court of Criminal Appeals of Texas.

Filed: January 20, 2016

For Majority opinion, see 2016 WL 8118194.

---

## CONCURRING STATEMENT

ALCALA, J., filed a concurring statement.

Although I previously voted to stay this execution based on applicant's earlier subsequent application for habeas relief on different grounds, I join this Court's present order in this case. Today, this Court denies leave to file an application for an original writ of habeas corpus and denies the motion for a stay of execution filed by Richard Allen Masterson, applicant, who was convicted of capital murder in 2002 and is scheduled to be executed tonight. Because this Court declines to explain the rationale underlying its order, I write separately to explain my reasoning for the two conclusions that I reach in this case. First, I conclude that applicant's constitutional complaint is cognizable in an original writ proceeding. Second, because he has failed to plead facts that, if true, might entitle him to habeas corpus relief, I conclude that applicant's request for habeas relief must fail. In my prior concurring statement addressing applicant's request for a writ of prohibition last week, I essentially indicated that this was my evaluation of the merits of this case. There, I stated, "In this case, however, in which relator has presented nothing more than a desire to discover the identity of the drug supplier without any more compelling facts to demonstrate a need for that information, I agree that he has failed to meet the strict requirements for a writ of prohibition." *In re Masterson,* Nos. WR–59,481–04 and WR–59,481–05 (Tex.Crim.App. Jan. 15, 2016) (not designated for publication) (Alcala, J., concurring). Furthermore, I note that it would be inappropriate to deny applicant relief on the basis that he did not file a motion for leave to file an application for extraordinary relief, as required by the rules of appellate procedure. *See* TEX. R.APP. P. 72.1. Rather than deny relief on

that basis, I would permit applicant an opportunity to comply with this Court's procedural rules by notifying him of the problem and allowing him to comply with the rule. Because I construe this application as including a motion for leave to file and because I decide the case on its merits, I find it unnecessary for applicant to file the additional motion in this case. I, however, am unaware whether the absence of a motion asking for leave to file the application influenced any other judge's decision in this case.

## I. Applicant's Claim is Cognizable in an Original Writ Proceeding

Although it is not cognizable in an ordinary post-conviction proceeding pursuant to Article 11.071 of the Code of Criminal Procedure, I conclude that applicant's complaint challenging the constitutionality of Texas Government Code Section 552.1081 is cognizable in an original writ proceeding. Section 552.1081 provides for the confidentiality of certain information regarding the State's execution procedures by excepting from public-disclosure requirements the "identifying information" of "(1) any person or entity who participates in an execution procedure, including a person who uses, supplies, or administers a substance during the execution; and (2) any person or entity that manufactures, transports, tests, procures, compounds, prescribes, dispenses, or provides a substance or supplies used in an execution." TEX. GOV'T CODE § 552.1081. In challenging the statute on both state and federal constitutional grounds, applicant contends that "the drug used to execute [him] is only as safe and effective as the persons who manufacture, supply, and handle it." By barring him from learning the identity of the manufacturer and supplier of the execution drug, applicant contends that Section 552.1081 operates in such a way as

to hinder his ability to "launch[ ] an informed and thorough challenge to the integrity and safety of the pentobarbital to be used in carrying out his death," in violation of his rights under the First and Fourteenth amendments to the federal Constitution and the due course of law and open courts provisions in the Texas Constitution.

I would hold that an original habeas application is the proper avenue for raising this type of claim in this Court because there is no other reasonable avenue for asserting this type of challenge. This Court has held that an ordinary habeas application under Code of Criminal Procedure Article 11.071 is an inappropriate vehicle for challenging the State's execution protocol. *See Ex parte Alba,* 256 S.W.3d 682, 685 (Tex.Crim.App.2008) (holding that death-sentenced individual's challenge to Texas's lethal-injection protocol not cognizable in a subsequent 11.071 writ proceeding; Alba's claim "challenge[d] neither the validity of the conviction nor the sentence of death, only the method that may be used to impose the death sentence," and thus he failed to bring forth "any claims attacking the legality of his conviction or sentence ... which, if resolved in his favor, would entitle him to a new trial or a new sentencing hearing"). In her separate opinion concurring in the Court's judgment in *Alba,* the Honorable Judge Cochran agreed with the majority's determination that a writ proceeding under Article 11.071 was an inappropriate vehicle for bringing a "lethal-injection protocol" claim, but she further opined that such a claim possibly could be brought in an original writ application under the Texas Constitution. *See id.* at 688 (Cochran, J., concurring) (suggesting that "this Court might [ ] entertain an original writ of habeas corpus filed pursuant to the Texas Constitution in a death-penalty case when Article 11.071 cannot be invoked"). Explaining her reasoning in *Alba,* Judge Cochran stated,

Although Article 11.071 provides the exclusive procedures for a writ in which a death-row inmate may seek habeas relief from his conviction or sentence, no Texas statute limits the authority or jurisdiction of this Court to consider an original habeas application by such an inmate seeking relief from an unconstitutional manner of carrying out his admittedly lawful sentence. Although we have the authority to exercise original-writ jurisdiction under the Texas Constitution, that is a power that we should exercise with great caution. Nonetheless, given the gravity of the claim presented and the inability of a Texas civil court to enjoin the carrying out of a lawful criminal sentence in the context of a civil-rights lawsuit, I would exercise it in this specific situation.

*Id.* at 689–90.[1] I agree in all respects with Judge Cochran's reasoning in *Alba* as it applies to this case.

Because applicant's challenge to the drug protocol is actually a challenge to the means by which his death sentence will be carried out, it is an appropriate matter for this Court's consideration in an original writ proceeding. A challenge to the execution drug protocol is no different from a challenge to a sentence of confinement for life in prison, in the sense that the manner in which the execution will be carried out is integral to, and inextricable from, the punishment itself. In this sense, appli-

---

1. *See also Ex parte Chi,* 256 S.W.3d 702, 705 (Tex.Crim.App.2008) (Cochran, J., concurring) (concurring in the Court's judgment denying relief on execution-protocol claim, and opining that applicant's application "could be recharacterized by this Court as an original writ under the Texas Constitution").

cant's claim is distinguishable from a mere challenge to the conditions of an inmate's confinement. Furthermore, if the drug protocol were flawed or defective due to some mistake by a supplier, then applicant's punishment might not be carried out at all, which would conflict with the writ of execution. And, as applicant observes, were this Court to hold otherwise and dismiss his claim as non-cognizable, death-sentenced inmates would be left without an effective vehicle for challenging the manner in which their sentences are to be carried out. All of these considerations weigh heavily in favor of this Court exercising its original writ jurisdiction in this situation. *See Green v. State*, 374 S.W.3d 434, 446 n. 50 (Tex.Crim.App.2012) (observing that, although our original writ jurisdiction is a power that should be exercised with great caution, it is "one that can be used to prevent unconstitutional executions when no other remedy is available").

In light of this Court's decision to issue orders without explaining the rationale for its rulings against death-sentenced individuals, applicants are left to speculate whether any other judges on this Court share the view held by retired Judge Cochran and me as to the cognizability of such a claim in an original writ proceeding. At this point, this Court having denied a challenge to the execution protocol presented through a writ of prohibition, and this Court now denying leave to file the instant original writ, both rulings without any explanation about this Court's reasoning, applicants have no guidance about whether that type of claim is cognizable in this Court through any avenue. I would strongly disagree with any suggestion that a death-sentenced individual lacks a procedural vehicle for challenging the execution protocol in this Court and that he is instead limited to raising such a challenge in a civil-rights lawsuit, thereby treating his challenge as a mere conditions-of-confine-

ment complaint rather than a challenge directed at the sentence itself.

I also conclude that the plain language in the Texas Constitution provides a clear basis for holding that an original writ is the appropriate vehicle for a challenge to the execution protocol. Section 5 of the Texas Constitution states,

> Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The Court and the Judges thereof shall have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments.

TEX. CONST. Article V, § 5. The references to "the power to issue the writ of habeas corpus" and "to issue such other writs as may be necessary to ... enforce its judgments" broadly permit this Court to address any complaint related to a writ of execution used to enforce a judgment on a death sentence for capital murder. If a defendant were to show that the execution protocol constituted cruel and unusual punishment, then this Court's judgment and mandate affirming the trial court's death sentence could not lawfully be carried out. In light of the plain language in the Texas Constitution, I conclude that applicant's challenge as to the execution protocol may be addressed by this Court through an original writ application. Because I would hold that applicant's claim challenging the execution protocol is cognizable in an application for an original writ, I now address its merits.

## II. Merits of the Original Writ

I conclude that, because he has failed to present adequate facts that, if true, would entitle him to relief, applicant's request for habeas relief must fail. In particular, I

observe that applicant has made no showing that it is necessary for him to secure the identity of the suppliers of the execution drugs in this case in order for him to properly raise a constitutional challenge to the way in which his sentence will be carried out. Applicant has included as an exhibit to his pleadings a laboratory report showing that the pentobarbital to be used in his execution has been tested and has a ninety-nine percent potency. There is nothing in applicant's pleadings that suggests that the dose of the drug that will be used in his execution comes from a different batch than the drug used in other recent executions that have been carried out by the State with no unintended consequences. Although I might reach a different conclusion under different circumstances—for example, if Texas were to move to an entirely new drug protocol, or if no laboratory report had been submitted verifying the potency of the particular drugs to be used in applicant's execution, or in some other situation that might call into question the efficacy or safety of the drug—under these particular facts, I cannot see how learning the identity of the supplier or manufacturer of the execution drugs would further applicant's ability to challenge the constitutionality of his death sentence. Thus, given his failure to allege adequate facts that might give rise to a constitutional violation in his case, I conclude that further factual development by this applicant under this particular pleading could not result in any relief. I, therefore, concur in the Court's judgment denying applicant's requested relief and his motion for a stay of execution.

## III. This Court Should Notify Applicants of Technical Defects in Their Pleadings and Permit Them An Opportunity to Conform to the Procedural Rule

Because this Court's order fails to explain its rationale for denying applicant his requested relief, it is unclear whether this Court has taken into consideration applicant's failure to file a motion requesting leave to file his application for an original writ, as required by the rules of appellate procedure. See Tex.R.App. P. 72.1. I strongly disagree that it would be proper to deny applicant relief merely because of his procedural oversight in failing to file a motion requesting leave to file an application. It is plainly obvious that the substance of that motion almost certainly would have been identical to the application for relief that was filed by applicant. Thus, I conclude that it would be more appropriate to notify applicant of the procedural defect and permit him an opportunity to comply with this Court's rules.

Rule 72.1 states, "A motion for leave to file must accompany an original petition for writ of habeas corpus, mandamus, procedendo, prohibition, certiorari, or other extraordinary writ, or any other motion not otherwise provided for in these rules." Id. Other than making it more difficult for an applicant to obtain relief, I can see no point in making an applicant file a motion for leave to file in addition to his application for extraordinary relief. I can envision no circumstance in which the substance of these filings will be different. I am unclear about the purpose of Rule 72.1. Perhaps it was written to address Code of Criminal Procedure Article 11.10 that refers to a "motion," but that statute is directed at a trial court. See Tex.Code Crim. Proc. Art. 11.10. There may be some other purpose for Rule 72.1 of which I am unaware. To reject an application, particularly one involving a case in which the sentence is death, merely because an applicant did not file a motion for leave to file in accordance with the rules of appellate procedure when the substance of the pleadings was before this Court in the

application is nothing short of absurd. I would hold that it would be improper for this Court to elevate form over substance in that manner.

In the future, I believe that this Court should consider changing Rule 72 to omit any reference to a motion for leave to file. Rule 72.2 states,

> If five judges tentatively believe that the case should be filed and set for submission, the motion for leave will be granted and the case will then be handled and disposed of in accordance with Rule 52.7. If the motion for leave is denied, no motions for rehearing or reconsideration will be entertained. But the Court may, on its own initiative, reconsider a denial of a motion for leave.

Id. This would likely require some changes to this rule. The phrase "the motion for leave will be granted and" would have to be omitted. And in the two places where it appears, the phrase "motion for leave" would have to be replaced with the phrase "petition or application." As modified by the above-described changes, the amended rule would read,

> If five judges tentatively believe that the case should be filed and set for submission, the motion for leave will be granted and the case will then be handled and disposed of in accordance with Rule 52.7. If the *petition or application* motion for leave is denied, no motions for rehearing or reconsideration will be entertained. But the Court may, on its own initiative, reconsider a denial of a *petition or application* motion for leave.

I can discern no logical reason for making an applicant jump through the procedural hoop that currently requires a motion for leave to file an application in addition to the application itself, and, thus, I conclude that this Court should consider amending its rules of appellate procedure to omit this requirement in the future. With respect to the instant case, I would construe applicant's application as also including a motion for leave to file it and resolve his claim on its merits.

## IV. Conclusion

This case presents three important questions, but this Court explains its answer to none of them. In the hope that my opinion may guide future litigants seeking to challenge the execution protocol in this Court, I have written separately to discuss the three issues that may influence a decision in this type of case. First, because there are no other available avenues for a death-sentenced individual to obtain relief on his complaint challenging the execution protocol, I would address the merits of this allegation through an original writ proceeding. Second, a pleading in an original writ proceeding must allege facts that, if true, would give rise to a constitutional violation so as to present a viable basis on which relief could be granted. And, third, the current rules of appellate procedure require a motion for leave to file an application for extraordinary relief in addition to the application, but it would be appropriate under these limited time constraints to construe the application as including a motion for leave to file it. I have no idea if any other judge on this Court shares my view on these three matters, and I do not know the Court's rationale for voting to deny this application. Although I determine that applicant prevails under the first and third issues, I vote to deny relief on the basis of the second issue. I thus concur in this Court's judgment that denies applicant relief.